IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRION DODD JOHNSON,<br><br>Defendant. | No. CR04-0012<br><br>REPORT AND RECOMMENDATION |

On the 5th day of April 2012, this matter came on for hearing on the Second Supplemented and Substituted Petition for Warrant or Summons for Offender Under Supervision (docket number 250) filed on April 4, 2012. The Government was represented by Assistant United States Attorney Mark A. Tremmel. Defendant Brion Dodd Johnson appeared in person and was represented by his attorney, Mark C. Meyer.

## I. RELEVANT FACTS AND PROCEEDINGS

On April 18, 2005, Defendant was sentenced to a 151-month term of imprisonment following Defendant's conviction for possession of child pornography and receipt of child pornography. The Court also ordered a 10-year term of supervised release. *See* docket number 140. On April 3, 2006, the judgment was reversed and the case was remanded for a new trial. Defendant subsequently pleaded guilty to possession and attempted possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Defendant was sentenced on January 11, 2007 to a 97-month term of imprisonment, to be followed by 15 years of supervised release. *See* docket number 231.

According to the supervised release violation worksheet, Defendant was transferred to the Gerald Hinzman Center in Cedar Rapids on August 26, 2010. While at the transition center, Defendant participated in the relapse prevention and transitional skill groups, and participated in the sex offender treatment program at the Sixth Judicial District

Department of Correctional Services. Defendant commenced his term of supervised release on February 18, 2011.

At the instant hearing, Defendant admitted that he failed to report for a sex offender treatment session on June 22, 2011, August 24, 2011, November 23, 2011, and January 25, 2012. Defendant admitted that he failed to report for a sex offender polygraph evaluation on October 12, 2011 and November 1, 2011. Defendant admitted that he failed to provide a urine specimen as required on July 13, 2011, August 5, 2011, September 13, 2011, and January 27, 2012.

United States Probation Officer Brian Draves testified that on February 28, 2012, Defendant denied that he had used any illegal controlled substances. A sweat patch was applied on that date and removed on March 13, 2012. The sweat patch tested positive for cocaine. A second sweat patch was applied on March 13, 2012 and removed on March 26, 2012. It also tested positive for cocaine. At the instant hearing, Defendant admitted that the test results were valid, but did not admit that he used cocaine.

On March 26, 2012, a search was conducted at Defendant's residence. Among other things, officers found a leafy substance in a Tupperware container. Defendant admitted that it was a mixture of tobacco and K2, and admitted that he had used the substance. Officers also found 30-50 empty packets which appeared to previously contain K2. Also found at the residence was a bong and a smaller metal pipe which appeared to be drug paraphernalia. Officers also found 11 adult pornographic/erotica magazines, 3 adult pornographic DVDs, and 4 DVD-R disks depicting adult pornography, which appear to have been downloaded from a computer. There were also 5 VHS tapes depicting adult pornography found in Defendant's bedroom closet.

Defendant began employment at CCB Packaging, Inc. on December 1, 2010, while still a BOP inmate at the Hinzman Center. He was terminated from that employment on October 6, 2011. Despite being directed to do so by his probation officer, Defendant did not provide any job search logs after that time.

On November 2, 2011, the Defendant possessed a personal computer without notifying the probation office or making it available for examination by the probation office. The computer was confiscated by the probation office.

## II. DISCUSSION

At the time of hearing, Defendant admitted most of the violations identified in the second supplemented petition. Defendant did not admit the use of cocaine, however, and claimed a Fifth Amendment right not to respond to questions of whether he possessed K2 or drug paraphernalia. Based on the drug test results and Officer Draves' testimony, however, I believe the evidence establishes that Defendant was using cocaine and K2, and that he was in possession of drug paraphernalia.

Because of Defendant's possession of a controlled substance, revocation is mandatory pursuant to 18 U.S.C. § 3583(g). All of the violations listed in the second supplemented petition are "Grade C" violations. The guideline range of imprisonment is 5-11 months. The maximum term of imprisonment is 2 years, with the maximum term of supervised release being life.

It is undisputed that Defendant's supervised release must be revoked. The fighting issue is the length of any imprisonment which should be imposed. Both the probation office and the Government recommend an 11-month term of imprisonment, followed by 10 years of supervised release. The Defendant asks that the Court impose a 6-month term of incarceration, but that he be permitted to serve that time at the Hinzman Center in Cedar Rapids.

Defendant has been on supervised release for just over one year. Initially, Defendant was employed and was generally compliant with the conditions of release. In the latter half of 2011, however, Defendant started missing sex offender treatment sessions and polygraph examinations, and failed to provide urine specimens. Defendant now admits that he was using K2. Sweat patch evidence also establishes Defendant was using cocaine. Defendant lost his job in October 2011 and did not provide his probation officer with proof that he was actively seeking employment. Defendant, who was convicted of possession

3

of child pornography, also admits that he was in possession of adult pornography in violation of the conditions of his release.

Considering the numerous violations, including the use of controlled substances, I believe that a sentence at the high end of the guideline range is appropriate. Accordingly, I recommend that Defendant be imprisoned for a period of 11 months, followed by 10 years of supervised release. Furthermore, I recommend that Defendant's request that he be permitted to serve the sentence at a halfway house be denied.

### III. RECOMMENDATION

For the reasons set forth above, it is respectfully **RECOMMENDED** that Defendant's supervised release be revoked and that he be sentenced to serve an 11-month term of imprisonment, followed by 10 years of supervised release.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on April 5, 2012.*

DATED this 9th day of April, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA